PUMPHREY *v.* TANNEHILL, ADMINISTRATOR.

[No. 15,222. Filed April 21, 1936.]

114

*Bowers, Feightner & Bowers* and *Whiteleather & Bloom,* for appellant.

*Otto E. Grant* and *H. B. Spencer,* for appellee.

DUDINE, J.—This is an appeal from a judgment for damages against appellant for the death of William C. Tannehill, alleged to have been caused by appellant's negligent operation of an automobile upon a public highway, resulting in a collision of said automobile with a motorcycle on which decedent was riding.

The issues were formed by a complaint in one paragraph and an answer in general denial. No questions are presented as to the pleadings. The cause was tried by a jury which rendered a verdict against appellant in the sum of $2,375.00. Judgment was rendered in accordance with the verdict, and this appeal was perfected, the sole error relied upon for reversal being alleged error in overruling appellant's motion for new trial.

The causes for new trial set forth in the motion therefor and discussed in appellant's brief are: (1) The verdict is contrary to law; (2) the damages assessed are excessive.

In support of his point that the damages are excessive, appellant merely states one abstract statement of law and cites authority therefor. No application of the statement of law to the instant case having been made it will not be considered by this court.

Appellant contends the undisputed evidence shows that appellee's decedent was guilty of contributory negligence.

In considering this question we must keep in mind the rules of law that in personal injury cases, contributory negligence is a matter of defense, and the burden of proving it is on the defendant; and that a general verdict for the plaintiff is in effect a finding that the plaintiff was not guilty of contributory negligence.

The evidence shows that decedent, son of appellee administrator, left his home, at about eleven o'clock in the night of November 1, 1931, riding with Carl Bazner on a motorcycle. Bazner drove the motorcycle, and decedent sat behind him. The lights of the motorcycle were in good condition. About one-half hour later the motorcycle collided with an automobile which was being driven by appellant, and as a result of the collision decedent was injured, and died the next morning.

The motorcycle was traveling eastward on the south side of the highway, and appellant's automobile was traveling westward, but at the place of the collision appellant was passing another automobile going westward, and appellant's automobile was partially on the south side (the driver's left side) of the highway. Appellant had been following a third car, occupied by friends of his, at a distance of twenty-five to forty feet, and this third car passed the other car shortly before appellant attempted to pass it.

From the place of the collision westward the highway was down-grade. From a point two hundred feet east of the point of the accident, looking westward, an automobile light could be seen eight hundred thirty feet west of the point of the accident. The motorcycle was equipped with a "Maximum Hand Speedometer." Im-

mediately after the collision this speedometer showed that the fastest speed traveled by the motorcycle was thirty-four miles per hour. No statements of decedent, or of his companion Bazner were introduced in evidence.

The evidence is conflicting as to whether or not decedent was guilty of contributory negligence. That being true, we will not hold as a matter of law that decedent was guilty of contributory negligence.

No reversible error having been shown, the judgment is affirmed.