PUMPHREY *v.* TANNEHILL, ADMINISTRATOR.

[No. 15,377. Filed May 25, 1937. Rehearing denied October 15, 1937. Transfer denied December 17, 1937.]

*Whiteleather & Bloom* and *Rex S. Emerick,* for appellant.

*Otto E. Grant* and *Fred L. Bodenhafer,* for appellee.

CURTIS, J.—This is an appeal from a judgment for damages against appellant for the death of Karl Bezner, alleged to have been caused by appellant's negligent operation of an automobile upon a public highway, resulting in a collision of said automobile with a motorcycle which the decedent was driving.

The issues were formed by appellee's amended complaint for damages in one paragraph to which appellant filed an answer in general denial. The cause was tried before a jury resulting in a verdict against appellant in the sum of $3,800.00. Judgment was rendered in accordance with the verdict. The appellant filed his motion for new trial which was overruled and this appeal was then prayed and perfected.

The errors relied upon for reversal as stated by the appellant are as follows: "(1) The court erred in overruling defendant's motion for a new trial. (2) The court erred in overruling defendant's oral motion to set aside the submission of said cause and declare a mistrial. (3) The court erred in overruling defendant's written motion to set aside the submission and declare a mistrial."

The causes stated in the motion for a new trial are as follows:

"(1) That the damages are excessive.

"(2) That the verdict is not sustained by sufficient evidence.

"(3) That the verdict is contrary to law.

"(4a) The court erred in refusing to give each of defendant's tendered instructions numbered 2, 3, 4, 6, 7, 9, 10 and 13.

"(4b) The court erred in overruling defendant's

oral motion to set aside the submission of the cause and declaring a mistrial after plaintiff, testifying in chief, while being questioned by his own attorney said to the jury, 'He said he had insurance to cover all expenses.' "

No question is presented for review as to the instructions for the reason that the appellant has not seen fit to set out in his brief all of the instructions that were given. See Clause 5 of Rule 22 of the Supreme Court and this court. *Cole* v. *McLean* (1931), 93 Ind. App. 526, 177 N. E. 348.

This case grew out of the same accident that was the basis for the case of *Pumphrey* v. *Tannehill* (1936), 102 Ind. App. 113, 1 N. E. (2d) 301. The appellant in his brief in the instant case says, "The first question presented at the very outset of this case is the question of contributory negligence." In *Pumphrey* v. *Tannehill, supra,* we held that "The evidence is conflicting as to whether or not decedent was guilty of contributory negligence. That being true, we will not hold as a matter of law that decedent was guilty of contributory negligence." While the above case was for the wrongful death of one riding on the motorcycle with which the automobile collided and the instant case is for the alleged wrongful death of the driver of the motorcycle yet no controlling different facts are shown to exist in the instant case and we conclude that the question of contributory negligence herein was also properly a question of fact for the jury. Neither would we be warranted in holding as a matter of law that the evidence in other respects was not sufficient to sustain the verdict of the jury nor that the verdict is contrary to law. There was evidence tending strongly to show that the collision occurred on U. S. Highway 30, about six miles east of Columbia City; that at the time and immediately before the time of the collision there was

an automobile occupied by third persons being driven westwardly on said highway and on the north side thereof; that as they approached the brow of the hill just west of the scene of the accident and within two hundred feet thereof, a car driven by fourth persons drove westwardly and around the car occupied by said third persons; that immediately thereafter, a car occupied by the appellant Pumphrey and his friend and driven by said Pumphrey, drove around the said third persons' car and while over on the extreme south side of the pavement which was to the left of said Pumphrey and while within eighteen inches of the south line thereof, the said car so driven by Pumphrey collided with the motorcycle and caused the injuries and death of the decedent; that immediately prior to said accident, the said motorcycle was being driven by Karl Bezner, eastwardly and along said pavement and within eighteen inches of the south line thereof. The appellee insists that the undisputed evidence does not show that the motorcycle on which plaintiff's decedent was riding was traveling at a reckless, highly dangerous and rapid rate of speed. In this contention we think that the appellee is correct.

There has been no showing made by the appellant that the damages are excessive. In support of his contention in that regard we quote his brief as follows: "In determining whether the damages assessed are excessive, and whether there should be a remittitur, the court, on appeal, will consider all the evidence bearing upon such question." Manifestly the above is a mere abstract proposition of law with an authority to support it but with no application made to the instant case.

As to the fourth specification or the motion for a new trial, above set out, the record discloses that while the

witness Harry E. Tannehill was being examined in chief by the appellee as to a conversation he had at the hospital after the accident with the appellant, and the witness, having told the conversation, was asked the further question: "Is that all?" to which he replied, "He said he had insurance to cover all expenses." The appellant then moved the court to strike out the answer. This motion was sustained by the court in the following manner: "By the court: Gentlemen of the Jury: The last question propounded by the plaintiff to the witness: 'Is that all that was said' and the answer: 'He said he had insurance to cover all expenses' I want to admonish you that that is not to be considered by you as having anything to do with the case, and has been stricken out by the court, and is not to be considered by you as any evidence." Both before and after the said admonition the appellant moved to set aside the submission. These motions were overruled. The jury was properly admonished and instructed in reference to the matter complained of and there is nothing to indicate to us that the admonition was not heeded.

No reversible error has been presented.

Judgment affirmed.